THOMAS HARVEY v. CRITCHFIELD MARINE, INC.

No. 7418SC10

(Filed 20 February 1974)

Bankruptcy § 4— attachment of property — secured creditors — bankruptcy proceedings — res judicata

When plaintiff attached property of defendant prior to the time defendant petitioned a federal district court for an arrangement under Chapter XI of the Bankruptcy Act, plaintiff became a secured creditor to the extent of the amount of the bond given to obtain release of the attached property; therefore, the federal court in the bankruptcy proceeding had no jurisdiction over plaintiff's claim against defendant up to the amount secured by the bond, and its decree denying plaintiff's claim is *res judicata* only to the extent that plaintiff's claim exceeds the amount of the bond.

APPEAL by plaintiff from *Crissman, Judge,* 14 May 1973 Session of Superior Court held in GUILFORD County. Argued in the Court of Appeals 22 January 1974.

This action arises as a result of an alleged indebtedness owing by defendant, a corporation organized under the laws of the State of Florida, to plaintiff, former district sales agent and salesman for defendant, for commissions, expenses, salary and bonuses allegedly earned by plaintiff. Defendant denied indebtedness and counterclaimed for overdraft on plaintiff's drawing account.

On 16 January 1970, plaintiff obtained the issuance of an order attaching a single engine, 23-foot boat which belonged to defendant. Defendant, with Ohio Casualty Insurance Company as surety, gave bond in the amount of $6,000.00 to recover possession of the attached property. Bond was later increased to $8,000.00.

On 22 June 1970, defendant filed a petition in the United States District Court for the Southern District of Florida requesting an arrangement under Chapter XI of the Bankruptcy Act. Upon motion of defendant, the Superior Court restrained and enjoined further prosecution of this action pending the outcome of defendant's Chapter XI arrangement.

On 24 November 1970, plaintiff filed a proof of claim based on facts contained in the complaint in this action in the bankruptcy proceeding; defendant objected to the claim.

On 19 April 1971, a hearing was held on the objection to plaintiff's claim. Plaintiff did not appear to present his claim. On 20 April 1971, a default order was entered denying plaintiff's claim.

On 5 November 1971, an order was entered confirming defendant's arrangement. On 15 November 1971, a Final Decree in the Chapter XI proceeding was entered, consummating the arrangement, and permanently enjoining all creditors of defendant-debtor, excepting those not dischargeable in bankruptcy.

On 18 April 1973, defendant filed a motion to amend his answer along with a motion for summary judgment. Defendant's motion to amend was allowed. On 23 May 1973, summary judgment was granted for defendant.

*Stephen E. Lawing for plaintiff-appellant.*

*Bencini, Wyatt, Early and Harris, by Frank B. Wyatt and William P. Harris, for defendant-appellee.*

BROCK, Chief Judge.

Plaintiff contends that the trial court erred in allowing defendant's motion for summary judgment. Specifically, plaintiff contends that the United States District Court for the Southern District of Florida in defendant's Chapter XI arrangement proceeding had no jurisdiction to determine the merits of plaintiff's claim, and therefore, the decision is not *res judicata.*

Plaintiff contends that his status is that of a secured creditor and, as such, is not bound by confirmation of a Chapter XI arrangement proceeding and denial of his claim under the Bankruptcy Act. No provision of the Bankruptcy Act permits an arrangement proposed under Chapter XI to deal with the rights of secured creditors. *See* 8 Collier on Bankruptcy, Para. 7.05[4], at 29 (14th ed. 1972).

For the reasons hereinafter stated, plaintiff's contentions are partly meritorious but partly without merit.

Under the Bankruptcy Act, a creditor may occupy the position of a secured creditor for a part of his claim and occupy the position of an unsecured creditor for the balance of his claim. 9 Collier on Bankruptcy, Para. 7.05[4], p. 29-30 (14th ed. 1972). When the plaintiff obtained an attachment of defendant's property, plaintiff became a secured creditor to the extent of the value of the property attached. In this case defendant's property was attached 16 January 1970. Defendant's petition in bankruptcy was filed 22 June 1970. Therefore, plaintiff's security was over four months old at the time the petition in bankruptcy was filed. The posting of bond by defendant, with Ohio Casualty Insurance Company as surety, did not interrupt plaintiff's security. The bond merely substituted promissory security to obtain release of the property. "[A]n attachment lien remains invulnerable if over four months old although the suit in which it was issued has not resulted in judgment." 4 Collier on Bankruptcy, Para. 67.07, p. 111 (14th ed. 1972). Therefore, the United States District Court in the bankruptcy proceeding had no jurisdiction over plaintiff's claim up to the amount secured by the bond. Plaintiff's claim in excess of the

amount secured by the bond was within the jurisdiction of the United States District Court, and its decree denying plaintiff's claim is *res judicata* to the extent that plaintiff's claim exceeds the amount protected by the bond. An order confirming an arrangement is a judgment *in rem,* a final determination of the rights and liabilities created by the arrangement, binding upon all parties in interest, whether or not they appeared. 9 Collier on Bankruptcy, Para. 9.25[2], at 336-337 (14th ed. 1972).

Plaintiff was a secured creditor to the extent of the value of the property attached; therefore, plaintiff's claim to that extent was not discharged in the bankruptcy proceeding. Plaintiff is entitled to prosecute this action to judgment although execution thereon shall not be issued against defendant. It is only by prosecuting this action to judgment that plaintiff will be enabled to bring an action against the surety on the bond which was posted to release the defendant's attached property. *See* 4 Collier on Bankruptcy, Para. 67.07, pp. 114-115 (14th ed. 1972).

Upon a new trial, plaintiff should be permitted to offer such competent evidence as he may have to establish his entire claim. The verdict should be in the full amount determined by the finder of facts to be the amount owed by defendant to plaintiff. If the verdict exceeds the value of the property at the time it was attached, the trial judge should enter judgment only for an amount not exceeding the value of the property at the time it was attached. The judgment should contain a perpetual stay of execution against the defendant.

New trial.

Judges MORRIS and CARSON concur.